IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. ABRAMS, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 3:12cv177-MHT |
| | ) | (WO) |
| THOMAS H. TUBERVILLE, | ) | |
| et al., | ) | |
| | ) | |
|    Defendants. | ) | |

MEMORANDUM OPINION

Plaintiffs John A. Abrams, Priscilla W. Abrams, Debra Clark, Baron J. Lowe, Melanie D. Lowe, Fredrick Glen Williams, Kristy A. Williams, and Flynn R. DuBose, Jr., all investors, brought this action naming as defendants several investment companies (TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, LP, and TS Capital GP, LLC) and the two individuals who co-founded and controlled those companies, Thomas H. Tuberville and John David Stroud, claiming violations of federal and state securities and commodities exchange laws, breaches of fiduciary duties,

unjust enrichment, negligence and wantonness, fraud, and conversion.  Subject-matter jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 7 U.S.C. § 25(c) (Commodities Exchange Act), and 28 U.S.C. § 1367 (supplemental).  The case is now before this court on the plaintiffs' motion for entry of default judgment against Stroud and the company defendants.  For the reasons that follow, the motion will be granted.

## I. BACKGROUND

The allegations in this case are as follows. The plaintiffs, all of whom sought to grow their savings for retirement, entrusted Tuberville and Stroud with investing their money; they came to regret that decision. Savvy investors (which the plaintiffs allegedly were not) may have seen warning signs that the plaintiffs overlooked.  For example, the plaintiffs allege that, while Tuberville and Stroud purportedly did business as agents of various entities, at least one of those

2

entities was nonexistent (it was never actually organized under the laws of any State); that the plaintiffs were solicited through various documents that were purported to be exempt from regulatory requirements, but the claimed exemption was a falsehood; and that the plaintiffs were assured that everything was in order with their accounts, the books were regularly audited by a certified public-accounting firm, all the necessary legal matters were handled by a law firm, and the funds were administered by responsible third parties.  The plaintiffs now believe that was all untrue.

   The plaintiffs further contend that, in fact, less than half of their funds were ever invested; that Tuberville and Stroud used the majority of their cash for personal purposes; that, when the plaintiffs' accounts dried up under Tuberville and Stroud's mismanagement, the two sought to conceal that fact, sending the plaintiffs doctored bank statements and making misrepresentations over the telephone; and that, as of today, the plaintiffs

cannot say where their funds have gone, although they believe that they has been misappropriated, converted, and otherwise squandered for the benefit of Tuberville and Stroud.  Tuberville has generally denied all of the plaintiffs' allegations.

Stroud and the company defendants have not filed an answer with the court and have not otherwise provided any indication of whether they contests the claims brought against them.  Upon the plaintiffs' request, the clerk of the court has issued entries of default against Stroud and the companies.  The entries of default having not spurred Stroud and the companies to participate in this litigation, the plaintiffs now move for default judgment.

## II. DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Once that has occurred, as it has here,

4

the plaintiffs must then "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  The clerk's entry of default causes all allegations of facts to be deemed admitted by the parties in default.  See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  Here, when the facts alleged are accepted as true, the plaintiffs' complaint states claims upon which relief can be granted against Stroud and the companies.

The court now turns to the issue of damages.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1364 n.27 (11th Cir. 1997).  "The court may conduct hearings ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages."  Fed. R. Civ. P. 55(b)(2)(B).  In this case, evidence must be presented to determine damages.  In the interest of judicial economy, that evidence should be presented at the time of trial for the remaining claims in this case.

5

***

Accordingly, the plaintiffs' motion for default judgment will be granted, and an appropriate judgment will be entered against defendants Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, LP, and TS Capital GP, LLC.  The issue of damages will be determined at the time of trial for the remaining claims in this case.

DONE, this the 7th day of May, 2013.

                                            /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE