IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE

DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN A. ABRAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:12cv177-MHT |
| | ) | (WO) |
| JOHN DAVID STROUD, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

The plaintiffs, all investors, brought this action
naming as defendants several investment companies and
two individuals, who they allege co-founded and
controlled those companies.   The plaintiffs claim
violations of federal and state securities and
commodities exchange laws, breaches of fiduciary
duties, unjust enrichment, negligence and wantonness,
fraud, and conversion.   Subject-matter jurisdiction is
proper under 28 U.S.C. § 1331 (federal question), 7
U.S.C. § 25(c) (Commodities Exchange Act), and 28
U.S.C. § 1367 (supplemental).

In a previous order, the court granted default judgment in favor of John A. Abrams, Priscilla W. Abrams, Debra Clark, Baron J. Lowe, Melanie D. Lowe, Fredrick Glen Williams, Kristy A. Williams, and Flynn R. DuBose, Jr. and against defendants John David Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, LP, and TS Capital GP, LLC on all claims in the second amended complaint.  <u>See</u> Default Judgment (Doc. No. 98).  The court reserved the question of the amount of damages at that time.

The case is now before this court on the matter of the amount of damages to which the plaintiffs are entitled from the defaulting defendants.

<u>I. FINDINGS OF FACT</u>

<u>A. Plaintiffs' Investment Losses</u>

1.  Stroud organized several entities in the Stroud Capital name which he operated as a hedge fund prior to forming the TS Capital entities.  Those entities were:

Stroud Capital Fund, L.P., Stroud Capital GP, LLC, and Stroud Capital Management, LLC.   Doc. No. 209-1 at ¶ 6; Doc. No. 37 at ¶¶ 17 & 18.   These entities are collectively referred to as the "Stroud Capital Entities."

2.   Financial records subpoenaed from third parties in connection with this case show that Stroud often transferred money between accounts held in different legal names and sometimes deposited funds payable to one entity into accounts held by other entities.   Doc. No. 209-1 at ¶ 18.   These records indicate that Stroud did not properly respect the legal distinctions between entities.   Id.   At least $ 106,186.43 in funds deposited in accounts held in the names of Stroud Capital Entities were transferred into accounts held in the names of TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., or TS Capital GP, LLC and expended apparently for the benefit of TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P.,

3

and TS Capital GP, LLC. Doc. No. 209-1 at ¶ 19. Moreover, Stroud withdrew more than $ 590,000 from accounts held in the names of Stroud Capital Entities and deposited at least $ 165,000 into accounts held in the names of TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., or TS Capital GP, LLC. Id. Stroud frequently withdrew substantial amounts of cash from accounts holding investor funds which he did not repay. Id.

3. The aggregate value of John Abrams's investments was $ 794,480.34 with Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC and their predecessor entities, the Stroud Capital Entities. Doc. No. 209-1 at ¶ 10 & Ex. A.

4. John Abrams received disbursements in the amount of $ 183,530 during the time of his investment. Doc. No. 209-1 at ¶ 10 & Ex. A.

5. John Abrams's net investment losses from investments with Stroud in TS Capital Partners, TS

4

Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC or their predecessor entities, the Stroud Capital Entities, are $ 610,950.34.  Doc. No. 209-1 at ¶ 10 & Ex. A.

6.  The aggregate initial value of Priscilla Abrams's investments was $ 10,778.95.  Doc. No. 209-1 at ¶ 10 & Ex. A.

7.  She received no disbursement with respect to her investments.  Doc. No. 209-1 at ¶ 10 & Ex. A.

8.  Priscilla Abrams's net investment losses from investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC or their predecessor entities, the Stroud Capital Entities, are $ 10,778.95.  Doc. No. 209-1 at ¶ 10 & Ex. A.

9.  The aggregate initial value of Debra Clark's investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC was

approximately $ 284,450.36.   Doc. No. 209-1 at ¶ 11 & Ex. B.

10. Debra Clark received no disbursement with respect to her investments.   Doc. No. 209-1 at ¶ 11 & Ex. B.

11. Debra Clark's net investment losses from investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC are $ 284,450.36.   Doc. No. 209-1 at ¶ 11 & Ex. B.

12. The aggregate initial value of Baron and Melanie Lowe's investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC was approximately $ 532,158.40.   Doc. No. 209-1 at ¶ 13 & Ex. D.   Baron Lowe's individual investments totaled $ 269,419.86.   Doc. No. 209-1 at ¶ 13 & Ex. D. Melanie Lowe's individual investments totaled $ 20,158.25.   Doc. No. 209-1 at ¶ 13 & Ex. D.   Their

joint investments totaled $ 242,580.29.  Doc. No. 209-1 at ¶ 13 & Ex. D.

13. Baron Lowe received only one disbursement, in the amount of $ 10,000, with respect to his individual investments and no disbursements from their joint investments.  Doc. No. 209-1 at ¶ 13 & Ex. D.

14. Melanie Lowe received no disbursement with respect to her investments or their joint investments. Doc. No. 209-1 at ¶ 13 & Ex. D.

15. Baron Lowe's net investment losses from investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC are $ 259,419.86.  Doc. No. 209-1 at ¶ 13 & Ex. D.

16. Melanie Lowe's net investment losses from investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC are $ 20,158.25.  Doc. No. 209-1 at ¶ 13 & Ex. D.

17. Baron and Melanie Lowe had additional joint net investment losses from investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC totaling $ 242,580.29.  Doc. No. 209-1 at ¶ 13 & Ex. D.  $ 68,078.41 of that amount was to be held for the benefit of their minor children.

18. The aggregate initial value of Glen Williams's investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC was $ 120,005.32, and the aggregate initial value of Kristy Williams's investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC was $ 18,921.03.  Doc. No. 209-1 at ¶ 14 & Ex. E.

19. Neither Glen nor Kristy Williams received any disbursement with respect to their investments.  Doc. No. 209-1 at ¶ 14 & Ex. E.

20. The Williamses' joint net investment losses from investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC are $ 138,926.35. Doc. No. 209-1 at ¶ 14 & Ex. E.

21. The aggregate value of DuBose's investments was $ 1,260,000 with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC or their predecessor entities, the Stroud Capital Entities. Doc. No. 209-1 at ¶ 12 & Ex. C.

22. DuBose received disbursements in the amount of $ 1,000,000 during the time of his investment. Doc. No. 209-1 at ¶ 12 & Ex. C.

23. DuBose's net investment losses from investments with Stroud in TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC or their predecessor entities, the Stroud Capital Entities, are $ 260,000. Doc. No. 209-1 at ¶ 12 & Ex. C.

## B. Punitive Damages

24.  Most of the plaintiffs have suffered a complete loss of their investments and the remaining plaintiffs suffered a near total loss.  Doc. No. 209-1 at ¶¶ 10-14 & Exs. A-E.

25.  Stroud used bank accounts held in the name of TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC or their predecessors to pay for lavish travel and personal expenses utterly unassociated with the business operations of TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC and frequently withdrew substantial amounts of cash from accounts holding investor funds, which sums he did not repay.  Doc. No. 209-1 at ¶¶ 15-20; Doc. Nos. 112, 115, 116, 117 & 119; Doc. Nos. 210-1, 210-2, 210-3, 211-1, 211-2, 212-1, 212-2, 213-1, 213-2, 214-1 (Stroud Dep. 1:1-12:4;  161:8-12;  161:15-164-:17;  165:2-167:10; 168:21-169:6; 169:23-181:9; 183:6-188:13; 189:3-207:3;

212:22-215:13;   223:9-223:20;   231:6-235:12;   241:10-245:9;  248:11-250:5;  274:10-275:23);  Doc.  No.  214-2 (Memory Dep. 88:7-21); Doc. No. 214-3 (Patrick Dep. 142:13-143:20); Doc. No. 214-4 (Senn Dep. 41:4-19; 42: 6-14).

26. Stroud  and  TS  Capital  Partners,  TS  Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund,  L.P.,  and  TS  Capital  GP,  LLC  solicited plaintiffs' investments in TS Fund managed and operated by   defendants,   through   untrue   representations, omissions,  and  fraudulent  measures.   Doc.  No.  214-4 (Senn Dep. 56:11-57:8); Doc. No.117-39 (P. Abrams Dep. 25:11-26:8; 58:1-59:7); Doc. No. 117-26 (J. Abrams Dep. 150:1-156:7), Doc. No. 117-23 (Clark Dep. 83:18-84:21); Doc. No. 37 at ¶¶ 19, 20, 44, & 59.

27. Stroud also made false and misleading oral statements to plaintiffs to induce them to invest or to keep their investments in place.  Doc. No. 214-4 (Senn Dep. 65:2-20); Doc. No. 37 at ¶¶ 19, 20, 44, & 59-73.

28. Stroud and TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC commingled personal, operating, and investor funds and disregarded the separate legal identities of TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC and their predecessor entities. Doc. No. 209-1 at ¶¶ 15-20; Doc. Nos. 210-1, 210-2, 210-3, 211-1, 211-2, 212-1, 212-2, 213-1, 213-2, 214-1 (Stroud Dep. 1:1-12:4; 161:8-12; 161:15-164-:17; 165:2-167:10; 168:21-169:6; 169:23-181:9; 183:6-188:13; 189:3-207:3; 212:22-215:13; 223:9-223:20; 231:6-235:12; 241:10-245:9; 248:11-250:5; 274:10-275:23); Doc. No. 214-4 (Senn Dep. 66:10-67:7); Doc. No. 117-22 (Senn Dep. 41:14-19); Doc. No. 111 (Regions-TSC Partners 000167; Regions-TSC Partners 000216; Regions-TSC Partners 000226; Regions-TSC Partners 000244; Regions-TSC Partners 000262; Regions-TSC Partners 000283; Regions-TSC Partners 000295; Regions-TSC Partners 000302; Regions-TSC Partners

000330;   Regions-TSC   Partners   000352;   Regions-TSC Partners 000393; Regions-TSC Partners 000403; Regions-TSC   Partners   000420;   Regions-TSC   Partners   000447; Regions-TSC Partners 000457; TSC Partners 000489; TSC Partners 000497; Regions-TSC Partners 000515; Regions-TSC Partners 000531; TSC Partners 000545; Regions-TSC Partners 000564; Regions-TSC Partners 000582; Regions-TSC Partners 000595; Regions-TSC Partners 000597); Doc. No. 37 at ¶¶ 19, 20.

29. TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC retained the key personnel, assets, and general operations of their predecessor entities, the Stroud Capital Entities.  Doc. No. 209-1 at ¶¶ 15-20; Doc. No. 214-4 (Senn Dep. 66:10-67:7); Doc. No. 37 at ¶ 18.

13

## C. Attorney's Fees

30. Capell & Howard, P.C. represented the plaintiffs in this action from the inception of the case. Doc. No. 1.

31. Attorneys from Capell & Howard, P.C. expended more than 2,850 hours and incurred more than $ 70,860 in expenses in connection with pursuing all claims in this litigation from December 1, 2011 to October 29, 2013. Doc. No. 209-3 at ¶ 11.

32. The regular hourly rates for the attorneys from Capell & Howard, P.C. who worked on this matter are reasonable and commensurate with, or less than, the prevailing market rate in the Middle District of Alabama for similar services by lawyers of reasonably comparable skills, experience, and reputation in matters of this nature. Doc. No. 209-3 at ¶ 14; Doc. No. 209-2 at ¶¶ 4-10, 15-34.

33. The amount of time spent on the matter was appropriate and reasonable in view of the complexity of the case. Doc. No. 209-3 at ¶¶ 16-17.

34. Counsel for plaintiffs have submitted documentation justifying their estimates of the amount of attorney's fees reasonably attributable to the claims against Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC.  Doc. No. 209-2 & Exhibits thereto; Doc. No. 209-3.

## II. CONCLUSIONS OF LAW

35. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 7 U.S.C. § 25(c) (Commodities Exchange Act), and 28 U.S.C. § 1367 (supplemental).

36. Venue in the United States District Court for the Middle District of Alabama is proper under 28 U.S.C. § 1391(b)(2), as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. A substantial part of the events or omissions giving rise to the claims occurred in the Middle District of

Alabama. All defendants are subject to personal jurisdiction in this judicial district.

37. Under Federal Rule of Civil Procedure 55(a), a default is entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...." Fed. R. Civ. P. 55(a).

38. In this matter, a Clerk's Entry of Default has been entered against Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC. See Doc. No. 66 & Doc. No. 67.

39. Upon entry of default, the well-pleaded allegations in the complaint are to be taken as true for purposes of establishing liability. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the damages—is admitted if a responsive pleading is required and the allegation is not denied.").

40. Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails "to plead or otherwise defend" in

accordance with the Rules.

41. In this matter, the court entered a judgment pursuant to 55(b)(2) in favor of John A. Abrams, Priscilla W. Abrams, Debra Clark, Baron J. Lowe, Melanie D. Lowe, Fredrick Glen Williams, Kristy A. Williams, and Flynn R. Dubose, Jr. and against John David Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC on May 7, 2013. <u>See</u> Doc. No. 98.

42. The court has now considered the evidence relating to the amount of damages to which plaintiffs are entitled from John David Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC and is prepared to decree the amount of the judgment in favor of each plaintiff.

43. Judgment is due to be entered in favor of John A. Abrams and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital

Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC in the total amount of $ 610,950.34 for compensatory damages, which sum reflects net losses. Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, John Abrams is entitled to return of his entire investment with interest. Due to the fact that Abrams received disbursements at various times, the award of interest will be calculated from his net losses to avoid requiring him to prove the precise complex interest calculation through expert testimony. Based on the six percent per annum rate of interest under § 8-6-19(a), John Abrams is entitled to interest of $ 191,717.38 through October 30, 2013, and additional interest at the rate $ 100.43 per day from October 30, 2013 to the date of the accompanying judgment.

44. Judgment is due to be entered in favor of Priscilla W. Abrams and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital

GP, LLC in the total amount of $ 10,778.95 for compensatory damages, which sum reflects net losses. Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, Priscilla Abrams is entitled to return of her entire investment with interest. Based on the six percent per annum rate of interest under § 8-6-19(a), Priscilla Abrams is entitled to interest of $ 2,911.20 through October 30, 2013 and additional interest at the rate $ 1.77 per day from October 30, 2013 to the date of the accompanying judgment.

45. Judgment is due to be entered in favor of Debra Clark and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC in the total amount of $ 284,450.36 for compensatory damages, which sum reflects net losses. Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, Clark is entitled to return of her entire investment with

interest.  Based on the six percent per annum rate of interest under    § 8-6-19(a), Clark is entitled to interest of $ 53,857.84 through October 30, 2013 and additional interest at the rate $ 46.76 per day from October 30, 2013 to the date of the accompanying judgment.

46. Judgment is due to be entered in favor of Baron J. Lowe and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC in the total amount of $ 259,419.86 for compensatory damages, which sum reflects net losses. Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, Baron Lowe is entitled to return of his entire investment with interest.  Based on the six percent per annum rate of interest under    § 8-6-19(a), Baron Lowe is entitled to interest of    $ 44,622.62 through October 30, 2013 and additional interest at the rate $ 44.29 per day from October 15, 2013 to the date of the

accompanying judgment.

47. Judgment is due to be entered in favor of Melanie D. Lowe and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC in the total amount of $ 20,158.25 for compensatory damages, which sum reflects net losses. Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, Melanie Lowe is entitled to return of her entire investment with interest. Based on the six percent per annum rate of interest under § 8-6-19(a), Melanie Lowe is entitled to interest of $ 3,114.86 through October 30, 2013 and additional interest at the rate $ 3.31 per day from October 30, 2013 to the date of the accompanying judgment.

48. Judgment is due to be entered in favor of Baron J. Lowe and Melanie D. Lowe, as joint tenants, and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS

21

Capital Fund, L.P., and TS Capital GP, LLC in the total amount of $ 174,501.88 for compensatory damages, which sum reflects net losses.   Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, the Lowes are entitled to return of their entire investment with interest.   Based on the six percent per annum rate of interest under § 8-6-19(a), the Lowes are entitled to interest of $ 27,939.42 through October 30, 2013 and additional interest at the rate $ 28.69 per day from October 30, 2013 to the date of the accompanying judgment.

49. Judgment is due to be entered in favor of Baron J. Lowe, as custodian of funds held for the benefit of his minor children, and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC in the total amount of $ 68,078.41 for compensatory damages, which sum reflects net losses. Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, Lowe's children

are entitled to return of their entire investments with interest.  Based on the six percent per annum rate of interest under § 8-6-19(a), Lowe's children are entitled to interest of $ 10,116.64 through October 30, 2013 and additional interest at the rate $ 11.19 per day from October 30, 2013 to the date of the accompanying judgment.

50. Judgment is due to be entered in favor of Fredrick Glen Williams and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC in the total amount of $ 120,005.32 for compensatory damages, which sum reflects net losses. Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, Glen Williams is entitled to return of his entire investment with interest.  Based on the six percent per annum rate of interest under § 8-6-19(a), Glen Williams is entitled to interest of $ 21,940.98 through October 30, 2013 and additional interest at the rate $ 19.73 per day from

October 30, 2013 to the date of the accompanying judgment.

51. Judgment is due to be entered in favor of Kristy A. Williams and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC in the total amount of $ 18,921.03 for compensatory damages, which sum reflects net losses. Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, Kristy Williams is entitled to return of her entire investment with interest. Based on the six percent per annum rate of interest under § 8-6-19(a), Kristy Williams is entitled to interest of $ 3,688.82 through October 30, 2013 and additional interest at the rate $ 3.11 per day from October 30, 2013 to the date of the accompanying judgment.

52. Judgment is due to be entered in favor of Flynn R. Dubose, Jr., and against defendants: Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital

Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC in the total amount of $ 260,000 for compensatory damages, which sum reflects net losses. Pursuant to 1975 Code of Alabama § 8-6-19(a) and Securities Act of 1933, 7 U.S.C. § 77l, Dubose is entitled to return of his entire investment with interest. Based on the six percent per annum rate of interest under   § 8-6-19(a), Dubose is entitled to interest of      $ 65,988.49 through October 30, 2013 and additional interest at the rate $ 42.74 per day from October 30, 2013 to the date of the accompanying judgment.

53. As part of the judgment due to be entered in favor of plaintiffs, pursuant to Counts 10, 11, 15, 16, and 17 of the Second Amended Complaint, John A. Abrams, Priscilla W. Abrams, Debra Clark, Baron J. Lowe, Melanie D. Lowe, Fredrick Glen Williams, Kristy A. Williams, and Flynn R. Dubose, Jr. are entitled to $ 5,481,792.18 in punitive damages against Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital

Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC.   This amount represents three times the aggregate net losses of all plaintiffs ($ 1,827,264.06) and is intended to punish Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC for their egregious misconduct and to deter Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC from future misconduct.

54. As part of the judgment due to be entered in favor of plaintiffs, pursuant to Counts 8 and 10 of the Second Amended Complaint, John A. Abrams, Priscilla W. Abrams, Debra Clark, Baron J. Lowe, Melanie D. Lowe, Fredrick Glen Williams, Kristy A. Williams, and Flynn R. Dubose, Jr. are entitled to $ 67,908.61 in attorney's fees against John David Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC.   This sum represents a reasonable attorney's

fee for the claims against these defendants pursuant to Counts 8 and 10 only.

55. As part of the judgment due to be entered in favor of plaintiffs pursuant to 28 U.S.C. § 1920, John A. Abrams, Priscilla W. Abrams, Debra Clark, Baron J. Lowe, Melanie D. Lowe, Fredrick Glen Williams, Kristy A. Williams, and Flynn R. Dubose, Jr. are entitled to taxable costs, which upon a proper application shall be taxed against John David Stroud, TS Capital Partners, TS Capital Partners, LLC, TS Capital Management, LLC, TS Capital Fund, L.P., and TS Capital GP, LLC.

An appropriate judgment will be entered.

DONE, this the 12th day of December, 2013.

            ___ /s/ Myron H. Thompson
            UNITED STATES DISTRICT JUDGE